CLIFFORD H. OWENS

*v.*

STATE COMPENSATION COMMISSIONER *et al.*

(No. 9767)

Submitted January 9, 1946.   Decided January 29, 1946.

*Howard R. Klostermeyer* and *Spilman, Thomas & Battle,* for appellant.

*Patrick J. Flanagan* and *M. E. Boiarsky,* for appellees.

KENNA, PRESIDENT:

Clifford H. Owens, employed as a brakeman, was injured while attempting to couple loaded cars in the Exeter operation of Kingston-Pocahontas Coal Company on September 18, 1942, by being caught between the load and a low heading and rolled in the four or five inches of space between the roof and the coal in one of the cars that he was attempting to couple. It is admitted that Owens' injury was compensable and there is no proof in the file showing full details of the accident beyond the fact that it caused the derailment of three of the cars on the trip involved. Owens was then twenty-four years of age and in robust health.

He was taken promptly to Grace Hospital in Welch where he remained for ten days and shortly after his discharge was granted total temporary disability for nine and two-sevenths weeks, which was later extended to February 28, 1943, or a period of five months and ten days, the employer consenting to the extension.

Upon the expiration of the temporary total award the Commissioner declined further compensation and declared the case closed. Owens protested and was granted a hearing. The hearing dates were quite protracted, continuances being granted to Owens from time

to time with the final result that no testimony was taken except his own very brief examination in chief. The employer's motion to dismiss for failure to prosecute was overruled. The matter was submitted to the Commissioner for decision upon Owens' testimony and the medical reports, some ordered by the Commissioner and others admitted by stipulation. No doctor testified. Upon the conclusion of the hearing the Commissioner declined to increase his former award and closed the case on April 7, 1945, holding that "claimant has no permanent partial disability".

Upon Owens taking the case to the Compensation Appeal Board, the Board, by a divided vote, remanded the matter to the Commissioner with direction to award permanent partial disability of fifty per cent. It is from this order that the employer appealed, contending that the clear preponderance of proof is to the effect that claimant is suffering no permanent disability. The decision here turns entirely upon the medical reports and upon Owens' unsupported testimony that he could not walk.

Dr. E. H. Kirk examined claimant February 10, 1943, a few days less than five months after the injury and before the expiration of the temporary total award, and in his opinion Owens was then suffering from a severe strain of every joint of his chest which, by reason of respiratory movement affecting the strained joints, he could not recover from under between six and twelve months. Dr. Kirk's report contains no opinion as to permanent disability.

Dr. Altamont Bracey, of Welch, examined claimant on the 25th day of February, 1943, and reported to the Commissioner, after an X-ray examination, that he had discovered no bone injury, and that Owens' general physical condition was normal with the exception of a small circumscribed soft tumor mass at the head of his right femur. Dr. Bracey concluded that claimant was suffering no disability.

On May 5, 1943, Dr. Charles B. Chapman, of Grace Hospital, reported the result of his examination to the Commissioner, having examined X-rays of the lungs, heart and spine, as well as having taken an electro-cardiagram. Dr. Chapman's report stated the history and subjective symptoms that claimant had reported to him, his conclusion being that his examination did not sustain the claimant's stated disability. He was also of the opinion that Owens "may have a residual traumatic arthritis in the region of the junction of the ribs and spine".

On December 28, 1943, Dr. G. C. Hutchinson, of Grace Hospital, reported to the Commissioner's medical examiner that his examination, including an X-ray of the dorsal spine, had been entirely negative and that he found no basis for claimant's continued disability.

On March 11, 1944, Dr. H. D. Hatfield, of the Huntington Memorial Hospital, examined the applicant without having the benefit of X-rays. His conclusion seems to be based mainly upon subjective symptoms. He believed that Owens had a central nervous condition involving the spinal cord and that there had probably been a hemorrhage into the spinal column causing the formation of connective tissue that had destroyed normal function of the cord and nerve root. Dr. Hatfield expressed no opinion concerning the existence of disability.

On February 3, 1945, Dr. Victor L. Wetherby, of Welch, examined the claimant, his report stating that he had examined Owens on May 10, 1944, and that in the period between the two examinations Owens had called on him seven or eight times to be relieved of pain caused by overexertion. Dr. Wetherby reported limited motion of the back, coarse tremor of the fingers, a soft mass over the right "trochanter", knee jerks absent, the left cremaster not normal, and pain caused by deep breathing or use of arms, shoulders, back or hips. Dr. Wetherby states that the plaintiff told him that he stumbled when he walked upstairs and was unable to

gauge the distance to lift his feet, and he concluded that in addition to crushing injuries in chest, pelvis and hips there was every indication that Owens had suffered an injury to his spinal cord. Dr. Wetherby's conclusion was that claimant was permanently and totally disabled from performing what was at the time of his injury his usual occupation.

On February 8, 1945, Owens testified at Welch before a Trial Examiner that he could not walk, could hardly stand, and was unable to return to work. Dr. Wetherby partly corroborates his statement that he could not walk, saying that he was unable to walk more than a short distance. Owens was not cross-examined, that right being reserved and not exercised.

On February 28, 1945, Dr. Archer A. Wilson examined claimant and in his report stated rather fully of what claimant complained and the circumstances under which he was then living, including the operation of a truck one or two days a week, it being loaded and unloaded by others. Dr. Wilson concluded that Owens' complaints were of psychoneurotic origin. Finding no disability, he saw no basis for an extension of compensation.

It will be observed from the foregoing condensation of the medical report that Dr. Wetherby's is the only one upon which a finding of permanent disability, either partial or total, could be made to rest. As opposed to that opinion, with the exception of Dr. Kirk and Dr. Hatfield, neither of whom expresses an opinion regarding either the percentage or length of disability, the examining physicians, four in number, state positively that in their judgment Owens is able to engage in ordinary work. That being so, there would seem to be no evidence in the Commissioner's file to sustain the Appeal Board's award of fifty per cent permanent *partial* disability, the medical evidence indicating either the entire absence of disability or the presence of a permanent *total* disability. Furthermore, we are of the

opinion that the medical reports plainly require a finding of the absence of a disability of any kind.

This claimant was injured in September, 1942, and the Commissioner held his claim open until April, 1945. He was represented by diligent counsel and given every opportunity to prove his claim.

In the light of the foregoing the finding of the Workmen's Compensation Appeal Board is reversed and the case remanded to the Appeal Board with direction to affirm the order of the Commissioner closing the claimant's application on April 7, 1945.

*Reversed.*